UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 07- |
| | : | |
| | : | MAGISTRATE NO. 06-505-01 (JMF) |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 2423(b) |
| ADAM LONG | : | (Travel with Intent to Engage in |
| | : | Illicit Sexual Conduct) |
| Defendant. | : | |

## INFORMATION

The United States Attorney informs the Court that:

On or about December 8, 2007, in the District of Columbia, the defendant, Adam Long knowingly traveled in interstate commerce, from the State of Virginia to the District of Columbia, for the purpose of engaging in illicit sexual conduct, that is a sex act as defined in 18 U.S.C.§2246(2), specifically, contact between the penis and the vulva, with a person under the age of 18 years of age, and said sexual act would be a violation of Chapter 109A of Title 18 United States Code, Section 2243(a), if the sexual act occurred in the special maritime and territorial jurisdiction of the United States.

**(Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b))**

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number: 498610

By: _____
DEBRA L. LONG-DOYLE
D.C. Bar Number: 362518
Assistant United States Attorney
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4828
Washington, DC  20530
(202) 305-0634

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 17, 2007

By Facsimile: (202) 783-1654
G. Allen Dale, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, North Building
Washington, D.C. 20004


Re:   United States of America v. Adam Long
      1:06-mj-00505-JMF

Dear Counsel:

     This letter sets forth the full and complete plea offer to your client, Adam Long, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  It supercedes any and all prior offers.  **This plea offer will expire on January 26, 2007**.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

Charges and Statutory Penalties

     1. Your client agrees to waive indictment and plead guilty to the criminal information in this case, in which he is charged with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

     2. Your client understands that (1) pursuant to that statutory provision, the charge carries a maximum prison term of 30 years; (2) pursuant to 18 U.S.C. § 3571(b), a maximum fine of $250,000; (3) pursuant to 18 U.S.C. § 3583(k), a period of supervised release for any term of years or life; and (4) pursuant to 18 U.S.C. § 3013(a)(2)(A), a special assessment of $100.  There is also an obligation to pay applicable interest and penalties on fines and assessments not timely paid.

     3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

<u>Factual Stipulations</u>

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

<u>Deportation</u>

5. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of the U.S. Immigration and Customs Enforcement.

<u>Sentencing Guidelines Stipulations</u>

6. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

(1) <u>Offense Level Under the Guidelines</u>

Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24, and pursuant to U.S.S.G. § 2G1.3(b)(3), a two-level upward adjustment is appropriate.

(2) <u>Acceptance of Responsibility: 3-point reduction</u>

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

(3) <u>Guideline Departures</u>

Under the Sentencing Guidelines an upward departure from the applicable Guidelines range is not warranted, but a downward departure of up to six (6) months may be warranted, based on your client's status as a removable alien, pursuant to <u>United States v. Smith</u>, 307 U.S. App. D.C. 199, 27

F.3d 649 (1994), and U.S.S.G. § 5K2.0(2)(B). The parties agree that no other downward Guidelines departure is appropriate.

## Agreement as to Sentencing Allocution

7. The parties further agree that a prison sentence within the range established by the applicable Sentencing Guidelines, and taking into consideration the departure discussed supra in paragraph 5(3), if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside that range nor suggest that the Court consider a sentence outside that range. Per our discussion, since your client did attempt to cooperate with the government, we will not oppose a sentence at the low end of the Guidelines.

## Court Not Bound by the Plea Agreement

8. It is understood that pursuant to Rule 11(c)(1)(B) and (c)(3) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

## Court Not Bound by the Non-Mandatory Sentencing Guidelines

9. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence above the Guidelines range.

## Breach of Agreement

10. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your

client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

11. Your client acknowledges discussing with you Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

12. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

13. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

<u>Waiver of Statute of Limitations</u>

14. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

<u>Waiver of Right to DNA Testing</u>

15. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of

the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

Complete Agreement

16. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

17. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

18. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:   _____
Debra L. Long-Doyle
Assistant United States Attorney

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, G. Allen Dale, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.


Date: _____   _____
                                    Adam Long, defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.


Date: _____   _____
                             G. Allen Dale, Esquire
                             Attorney for defendant Adam Long

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 07- |
| | : | |
| v. | : | VIOLATION: 18 U.S.C. § 2423(b) |
| | : | (Travel with Intent to Engage |
| ADAM LONG | : | in Illicit Sexual Conduct) |
| | : | |
| Defendant. | : | |
| _____ | : | |

**MEMORANDUM AND STATEMENT OF**
**OFFENSE IN SUPPORT OF A GUILTY PLEA**

The United States, by and through its attorney, the United states Attorney for the District of Columbia, and the defendant hereby submit this Statement of Offense in Support of a Guilty Plea.

I.   The defendant has agreed to plead guilty to a One-Count Information charging him with Interstate Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). The essential elements of this offense are:

   A.   That on or about December 8, 2006, the defendant traveled across state lines, that is from the state of Virginia to the District of Columbia;

   B.   That the defendant did so with the intent to engage in a sexual act with a minor, that is a person under the age of 18 years old; and

   C.   That the sexual act the defendant intended to engage in with the minor was contact between the penis and the vulva.

II.   If the case against defendant ADAM LONG had gone to trial, the government's evidence would have shown beyond a reasonable doubt as follows:

Statement of Offense

On Friday, December 8, 2006, Metropolitan Police Department Detective Timothy Palchak was working in an undercover capacity at a computer located in Washington, D.C., was using the screen name "lilmandygrl_dc," and was logged into a Yahoo internet chat room. At approximately, 6:54 p.m., defendant Adam Long, using the screen name "bamaer," initiated contact in "private" space in the chatroom with lilmandygrl_dc. The defendant communicated to lilmandygrl_dc that he was 26 years old, a male, and that he resided in Arlington, Virginia. Detective Palchak communicated in response that lilmandygrl_dc will "be 14" years old, and was in D.C., by Catholic University.

The defendant initiated two conversations in a private Yahoo chat room. The first chat started on Thursday, December 7, 2006 at 6:54 p.m. and ended at 7:27 p.m. The second conversation on the same day, started at 8:02 p.m. and ended at 8:20 p.m. The third and final conversation was initiated by government agents and started on Friday, December 8, 2006 at 5:04 p.m. and ended at 5:26 .m. during which the defendant made arrangements to meet her at the Brookland Metro Station between 6:20 and 6:30 p.m.

On December 7, 2006, beginning at approximately 6:54:09 p.m., the defendant and Detective Palchak, posing as "lilmandygrl_dc," engaged in the following private "chat" communications:

    ADAM LONG (12/7/2006 6:54:09 PM): hello
    mandy poole (12/7/2006 6:55:10 PM): hi asl (age, sex, location)
    ADAM LONG (12/7/2006 6:55:35 PM): 26/m/arlington/va but from england
    ADAM LONG (12/7/2006 6:55:39 PM): u?
    mandy poole (12/7/2006 6:56:11 PM): kool 14 f in dc half white half spanish
    ADAM LONG (12/7/2006 6:56:23 PM): cool
    ADAM LONG (12/7/2006 6:56:28 PM): what u in to
    mandy poole (12/7/2006 6:56:39 PM): not much u just hanging out now
    ADAM LONG (12/7/2006 6:56:44 PM): cool

ADAM LONG (12/7/2006 6:56:49 PM): what u look like
mandy poole (12/7/2006 6:57:02 PM): i have pic u
ADAM LONG (12/7/2006 6:57:21 PM): no pic here sorry
mandy poole (12/7/2006 6:57:27 PM): k
mandy poole (12/7/2006 6:58:31 PM): u there
ADAM LONG (12/7/2006 6:58:50 PM): hay im here
mandy poole (12/7/2006 6:58:54 PM): k
ADAM LONG (12/7/2006 6:59:33 PM): ur cute i bet u get all the guys
mandy poole (12/7/2006 6:59:42 PM): lol (laugh out loud) not really
ADAM LONG (12/7/2006 6:59:53 PM): y not
mandy poole (12/7/2006 7:00:20 PM): i dont know
ADAM LONG (12/7/2006 7:00:51 PM): what do u like to do for fun
mandy poole (12/7/2006 7:01:18 PM): hang out with freinds shopping chatting
mandy poole (12/7/2006 7:01:20 PM): u?
ADAM LONG (12/7/2006 7:02:07 PM): meeting new people and chilling and hanging
mandy poole (12/7/2006 7:02:11 PM): kool
mandy poole (12/7/2006 7:02:16 PM): u meet people on here
ADAM LONG (12/7/2006 7:02:43 PM): a few people
mandy poole (12/7/2006 7:02:50 PM): kool what did u do
ADAM LONG (12/7/2006 7:03:07 PM): chilled and went to the mall
mandy poole (12/7/2006 7:03:10 PM): kool
ADAM LONG (12/7/2006 7:03:16 PM): one girl gave me head
mandy poole (12/7/2006 7:03:19 PM): awwwwwww
mandy poole (12/7/2006 7:03:21 PM): lol (laugh out loud)
mandy poole (12/7/2006 7:03:24 PM): r u serious
ADAM LONG (12/7/2006 7:03:31 PM): yep
ADAM LONG (12/7/2006 7:03:47 PM): she was 19 and neaver gave head before
mandy poole (12/7/2006 7:03:48 PM): ive never tried that would be afraid that i would do it wrong
mandy poole (12/7/2006 7:03:51 PM): lol (laugh out loud)
ADAM LONG (12/7/2006 7:04:31 PM): would u wana try
mandy poole (12/7/2006 7:04:55 PM): yeah but u promise u wont laugh if i do it wrong
ADAM LONG (12/7/2006 7:05:15 PM): nope
ADAM LONG (12/7/2006 7:05:27 PM): would u wana do anything else
mandy poole (12/7/2006 7:05:36 PM): maybe
ADAM LONG (12/7/2006 7:05:42 PM): like what
mandy poole (12/7/2006 7:05:58 PM): sounds kinna exciting whatever just dont wanna get pregnant
ADAM LONG (12/7/2006 7:06:07 PM): yer
ADAM LONG (12/7/2006 7:06:41 PM): do u massterbate
mandy poole (12/7/2006 7:06:58 PM): not really ive tried i guess im weired lol (laugh out loud)
ADAM LONG (12/7/2006 7:07:29 PM): where in DC DO U LIVE

mandy poole (12/7/2006 7:07:42 PM): why u yelling a t me lol (laugh out loud)
ADAM LONG (12/7/2006 7:07:52 PM): my bad
mandy poole (12/7/2006 7:07:57 PM): lol (laugh out loud) its okay
mandy poole (12/7/2006 7:08:10 PM): i live next to catholic u
mandy poole (12/7/2006 7:08:13 PM): in ne dc
ADAM LONG (12/7/2006 7:08:23 PM): o ok
mandy poole (12/7/2006 7:08:32 PM): u know where that is
ADAM LONG (12/7/2006 7:08:33 PM): wana add me to messenger
ADAM LONG (12/7/2006 7:08:37 PM): yer
mandy poole (12/7/2006 7:08:37 PM): sure
mandy poole (12/7/2006 7:09:00 PM): kool
mandy poole (12/7/2006 7:09:24 PM): so u have a gf (girlfriend) or wife lol (laugh out loud)
ADAM LONG (12/7/2006 7:09:25 PM): what u wana now about me
ADAM LONG (12/7/2006 7:09:34 PM): nope im single
mandy poole (12/7/2006 7:09:42 PM): kool what do u look like
ADAM LONG (12/7/2006 7:10:13 PM): 6; browen hair blue eyes english accent
ADAM LONG (12/7/2006 7:10:20 PM): anything else ask me
mandy poole (12/7/2006 7:10:27 PM): thats really kool
ADAM LONG (12/7/2006 7:11:17 PM): so u neaver messed with a guy before
mandy poole (12/7/2006 7:11:34 PM): not alot like kissing n stuff
ADAM LONG (12/7/2006 7:11:54 PM): whats the oldest u messed with
mandy poole (12/7/2006 7:12:03 PM): like 17 i think
ADAM LONG (12/7/2006 7:12:40 PM): u now im 26
mandy poole (12/7/2006 7:13:03 PM): yeah im kool if u r
ADAM LONG (12/7/2006 7:13:16 PM): yer
ADAM LONG (12/7/2006 7:13:25 PM): u got any other pics
mandy poole (12/7/2006 7:13:40 PM): na ive been living with my aunt
ADAM LONG (12/7/2006 7:13:53 PM): y
mandy poole (12/7/2006 7:13:59 PM): long story
ADAM LONG (12/7/2006 7:14:22 PM): wana tell me
mandy poole (12/7/2006 7:15:00 PM): not know
ADAM LONG (12/7/2006 7:15:23 PM): what type of panties u like yo wear
mandy poole (12/7/2006 7:15:43 PM): bilikin (bikini)
ADAM LONG (12/7/2006 7:16:09 PM): i got a bonner
mandy poole (12/7/2006 7:16:14 PM): lol (laugh out loud)
ADAM LONG (12/7/2006 7:16:27 PM): whats so funny
mandy poole (12/7/2006 7:16:45 PM): nothing
ADAM LONG (12/7/2006 7:17:00 PM): what would u do if u saw my cock
mandy poole (12/7/2006 7:17:08 PM): i dont know
ADAM LONG (12/7/2006 7:17:24 PM): would u give me head
mandy poole (12/7/2006 7:17:38 PM): ill try
ADAM LONG (12/7/2006 7:18:29 PM): wana meet me somewhear now
mandy poole (12/7/2006 7:18:48 PM): we can u have a car

ADAM LONG (12/7/2006 7:18:57 PM): no
mandy poole (12/7/2006 7:18:57 PM): i can meet u in front of my place
mandy poole (12/7/2006 7:19:54 PM): oh well then
ADAM LONG (12/7/2006 7:20:33 PM): what would u let me do to u
mandy poole (12/7/2006 7:21:07 PM): im kool with whatever
ADAM LONG (12/7/2006 7:21:24 PM): would u let me fuck u hard
mandy poole (12/7/2006 7:24:34 PM): i would as long as i dont get pregnant but u dont have a car
mandy poole (12/7/2006 7:27:08 PM): well im going to get some food and chill chat later
ADAM LONG (12/7/2006 7:27:25 PM): ok bye
mandy poole (12/7/2006 7:27:32 PM): bye

On December 7, 2006, beginning at approximately 8:02:55 p.m., the defendant and Detective Palchak, posing as "lilmandygrl_dc," engaged in the following private "chat" communications:

ADAM LONG (12/7/2006 8:02:55 PM): hay u there
mandy poole (12/7/2006 8:03:01 PM): yeah
ADAM LONG (12/7/2006 8:03:10 PM): what u doing
mandy poole (12/7/2006 8:03:15 PM): nothing
ADAM LONG (12/7/2006 8:03:29 PM): do u wana an older b/f (boyfriend)
mandy poole (12/7/2006 8:03:52 PM): yeah
ADAM LONG (12/7/2006 8:04:10 PM): would u wana be my lill girl
mandy poole (12/7/2006 8:04:18 PM): i guess
ADAM LONG (12/7/2006 8:04:33 PM): wana call me
mandy poole (12/7/2006 8:04:48 PM): no she only has a cell
ADAM LONG (12/7/2006 8:04:56 PM): o ok
mandy poole (12/7/2006 8:04:56 PM): i dont wanna use that she is nosey
ADAM LONG (12/7/2006 8:05:03 PM): o ok
ADAM LONG (12/7/2006 8:05:31 PM): do u wear thongs or g-strings
mandy poole (12/7/2006 8:05:36 PM): bikini
ADAM LONG (12/7/2006 8:05:53 PM): just bikini
mandy poole (12/7/2006 8:05:59 PM): mostly
ADAM LONG (12/7/2006 8:06:45 PM): what u doing tomorrow
mandy poole (12/7/2006 8:07:50 PM): going to school
mandy poole (12/7/2006 8:07:57 PM): if i feel better'
ADAM LONG (12/7/2006 8:08:17 PM): would u wana meet me after school
mandy poole (12/7/2006 8:08:27 PM): 'where i dont drive lol
ADAM LONG (12/7/2006 8:08:48 PM): metro
mandy poole (12/7/2006 8:08:59 PM): and go whre
ADAM LONG (12/7/2006 8:09:23 PM): to pentagon city mall
mandy poole (12/7/2006 8:09:43 PM): i mean ill meet u around here and then we can go somewhere

5

ADAM LONG (12/7/2006 8:10:35 PM): ok but i probley wont be home till eary afternoon
mandy poole (12/7/2006 8:10:46 PM): okay thats kool
ADAM LONG (12/7/2006 8:11:12 PM): whats the nearst metro station to u
mandy poole (12/7/2006 8:12:07 PM): catholic u i think i dont really dont ride metro to much but i can walk near there and meet somewhere
ADAM LONG (12/7/2006 8:13:00 PM): ok be on like 4pm tomorrow and we can plan for it
mandy poole (12/7/2006 8:13:08 PM): k kool
ADAM LONG (12/7/2006 8:13:44 PM): would we have sex
mandy poole (12/7/2006 8:14:05 PM): if u want to my aunt doesnt come home till like 730
mandy poole (12/7/2006 8:14:13 PM): its up to u
ADAM LONG (12/7/2006 8:14:18 PM): ok
ADAM LONG (12/7/2006 8:14:28 PM): would u want me to use a comdon
mandy poole (12/7/2006 8:14:34 PM): please
ADAM LONG (12/7/2006 8:14:50 PM): o ok
ADAM LONG (12/7/2006 8:15:00 PM): would u spit or swollow
mandy poole (12/7/2006 8:15:12 PM): i dont know lol (laugh out loud)
ADAM LONG (12/7/2006 8:15:28 PM): im getting horney
mandy poole (12/7/2006 8:15:42 PM):
ADAM LONG (12/7/2006 8:16:01 PM): i got a bonner
mandy poole (12/7/2006 8:16:05 PM): lol (laugh out loud)
mandy poole (12/7/2006 8:16:13 PM): u at home now
ADAM LONG (12/7/2006 8:16:14 PM): ur the youngest i will ever been with
ADAM LONG (12/7/2006 8:16:17 PM): yes
mandy poole (12/7/2006 8:16:30 PM): kool
ADAM LONG (12/7/2006 8:18:16 PM): will i have to teach u about sex
mandy poole (12/7/2006 8:18:26 PM): probably
ADAM LONG (12/7/2006 8:19:25 PM): i might hurt ur pussey
mandy poole (12/7/2006 8:19:35 PM): i hope not
mandy poole (12/7/2006 8:20:11 PM): well im going go outside for a bit
ADAM LONG (12/7/2006 8:20:21 PM): any thing u wana ask me
mandy poole (12/7/2006 8:20:33 PM): not right now
mandy poole (12/7/2006 8:20:45 PM): im going to go out and chil fr a bit
ADAM LONG (12/7/2006 8:20:54 PM): ok

On December 8, 2006, beginning at approximately 5:04:17 p.m., the defendant and Detective Palchak, posing as "lilmandygrl_dc," engaged in the following private "chat" communications:

lilmandygrl_dc (5:04:17 PM): hey
bamaer@verizon.net (5:04:37 PM): what u up 2
lilmandygrl_dc (5:04:45 PM): chillin u
bamaer@verizon.net (5:05:05 PM): same here just got back from a job interview

6

lilmandygrl_dc (5:05:17 PM): kool
lilmandygrl_dc (5:05:20 PM): whre
bamaer@verizon.net (5:06:16 PM): at dulles airport working for jetblue
lilmandygrl_dc (5:06:21 PM): kool
bamaer@verizon.net (5:06:32 PM): wana come down here and meet me for some fun
lilmandygrl_dc (5:07:20 PM): that would be kool but i dont have any money for the metro
lilmandygrl_dc (5:07:33 PM): i thought u said u were coming here
bamaer@verizon.net (5:07:53 PM): can i ask u something
lilmandygrl_dc (5:07:56 PM): yeah
bamaer@verizon.net (5:08:11 PM): your not a cop are you
lilmandygrl_dc (5:08:14 PM): lol
lilmandygrl_dc (5:08:15 PM): what
lilmandygrl_dc (5:08:27 PM): no
lilmandygrl_dc (5:08:29 PM): im not
lilmandygrl_dc (5:08:34 PM): i am not a cop
bamaer@verizon.net (5:08:39 PM): cos i hear cops doing stings and all like this on the net
lilmandygrl_dc (5:08:42 PM): alot of people ask me that
bamaer@verizon.net (5:09:00 PM): do u meet alot of people of the net
lilmandygrl_dc (5:09:24 PM): i mean i havent hooked up u know but i chat with alot
bamaer@verizon.net (5:09:54 PM): so thats a no then
lilmandygrl_dc (5:10:06 PM): have u
bamaer@verizon.net (5:10:10 PM): yer
bamaer@verizon.net (5:10:25 PM): whats the nearest metro stop to u again
lilmandygrl_dc (5:10:29 PM): catholic
bamaer@verizon.net (5:11:19 PM): what will we doo
lilmandygrl_dc (5:11:33 PM): i dont know
lilmandygrl_dc (5:11:44 PM): i dont even know what u look like  lol
bamaer@verizon.net (5:12:20 PM): name one thing u wana do
lilmandygrl_dc (5:12:52 PM): lol whatever like what we talked about yesterday
bamaer@verizon.net (5:13:22 PM): how will i recornise u
lilmandygrl_dc (5:13:49 PM): i have the same question for u
lilmandygrl_dc (5:14:00 PM): i can tell u what im wearing i guess
bamaer@verizon.net (5:15:19 PM): what r u wearing
lilmandygrl_dc (5:15:34 PM): jeans and a black coat
lilmandygrl_dc (5:15:38 PM): what about u
bamaer@verizon.net (5:15:41 PM): im wearing blue shirt and kaki pants and taned shoes and black jacket
bamaer@verizon.net (5:16:13 PM): what happens if u dont like the way i look
lilmandygrl_dc (5:16:32 PM): weel u sound kute u might not like me
bamaer@verizon.net (5:17:37 PM): is it catholicuniverstey ur at
lilmandygrl_dc (5:17:51 PM): yeah l live close to the metro
bamaer@verizon.net (5:17:53 PM): thanks u look cute
lilmandygrl_dc (5:17:58 PM): ty

    bamaer@verizon.net (5:18:17 PM): im getting firections
    lilmandygrl_dc (5:18:26 PM): okay
    bamaer@verizon.net (5:19:47 PM): theres no station there
    lilmandygrl_dc (5:20:04 PM): brookland metro
    bamaer@verizon.net (5:20:12 PM): u live near the gallery place chi town
    lilmandygrl_dc (5:20:40 PM): no brookland
    bamaer@verizon.net (5:22:01 PM): so meet me there at like 6.30pm be there a lill before that
    bamaer@verizon.net (5:22:23 PM): i should be there like 6.20 6.30 pm
    bamaer@verizon.net (5:22:52 PM): my names adam
    lilmandygrl_dc (5:23:03 PM): okay there is a bridge in front of the metro when u come out can we meet there
    lilmandygrl_dc (5:23:11 PM): it will be easier
    bamaer@verizon.net (5:23:14 PM): ok
    lilmandygrl_dc (5:23:31 PM): its like next to a tavern
    bamaer@verizon.net (5:23:42 PM): what type of t-shirt u wearing
    lilmandygrl_dc (5:23:52 PM): u can miss the bridge because it has like a mural
    lilmandygrl_dc (5:24:06 PM): cant
    bamaer@verizon.net (5:24:10 PM): ok im leaveing now
    lilmandygrl_dc (5:24:44 PM): let me take a quick shower what r u wearing again so i know ill meet u on top of the bridge right
    bamaer@verizon.net (5:25:08 PM): im wearing blue shirt and kaki pants and taned shoes and black jacket
    bamaer@verizon.net (5:25:24 PM): tell me the truth r u a cop
    lilmandygrl_dc (5:25:38 PM): omg  i swear i am NOT A COP
    bamaer@verizon.net (5:25:59 PM): ok im comeing
    lilmandygrl_dc (5:26:15 PM): okay ill be there at 620-630 right
    bamaer@verizon.net (5:26:21 PM): ok

At approximately 6:05 p.m., an MPD officers observed the defendant standing at the Brookland Metro Station matching the description he had provided lilmandygrl_dc. The officers stopped the defendant and after identifying him as Adam Long, placed him under arrest. In a subsequent videotaped statement to the police defendant acknowledged engaging in the sexually explicit internet communications with "lilmandygrl_dc," and stated that he had travelled from Arlington, Virginia to meet her.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to this offense . The limited purpose of this

factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Interstate Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b).

                                      Respectfully submitted,

                                      JEFFREY A.TAYLOR
                                      UNITED STATES ATTORNEY
                                      D.C. Bar Number: 498610

By:   _____
       DEBRA L. LONG-DOYLE
       D.C. Bar No. 362518
       Federal Major Crimes Section
       555 4th Street, N.W., 4th Floor
       Washington, D.C. 20530
       (202) 305-0634
       Debra.Long-Doyle@USDOJ.Gov

Defendant's Acceptance of Statement of Offense

     I have read this Statement of Offense and Factual Proffer and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: _____                              _____
                                                     Adam Long, defendant

Defense Counsel's Acknowledgment

  I am the attorney for defendant Adam Long.  I have reviewed every part of this Statement of Offense with him.  It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.


Date: _____         _____
                 G. Allen Dale, Esquire
                 Attorney for defendant Adam Long