UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 07-023(RCL) |
| | : | |
| v. | : | VIOLATION: 18 U.S.C. § 2423(b) |
| | : | (Travel with Intent to Engage |
| ADAM LONG, | : | in Illicit Sexual Conduct) |
| | : | |
| Defendant. | : | SENTENCING DATE: 5-22-07 |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing to assist the Court in the sentencing of the defendant, Adam Long.

**FACTUAL BACKGROUND**

On March 9, 2007 before this Court, the defendant entered a plea of guilt to a one count information charging him with interstate traveling with the intent to engage in sex with a minor in violation of 18 U.S.C. § 2423(b). The evidence proffered at the plea hearing, and accepted by the defendant as being true and correct revealed that on Friday, December 8, 2006, the defendant, a 26 year old man, while using his laptop computer in his basement apartment in Arlington, Virginia, initiated a chat in a private Yahoo computer chat room with a person whom he believed to be a 14 year old girl. The defendant used the screen name "bamaer". The person with whom he was communicating on line used the screen name "lilmandygrl_dc." The initial conversation started at approximately 6:54 p.m. and ended at approximately 7:27 p.m. The defendant identified himself as a twenty-six year old male who resided in Arlington, Virginia and "lilmandygrl_dc" identified "herself" as a 14 year old girl who lived in the District of Columbia. In actuality, "lilmandygrl_dc"

was a detective with the Metropolitan Police Department's Youth Investigations Branch, who was acting in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children (ICAC) Task Force.

There were two additional chats between bamaer and lilmandygrl_dc. The second conversation started on the same day as the first, at 8:02 p.m., and ending at 8:20 p.m. The third and final conversation was initiated by government agents and started on Friday, December 8, 2006 at 5:04 p.m. and ended at 5:26 p.m. During the course of the three conversations the defendant asked "lilmandygrl_dc" if she would like to engage in "giving him head" or oral sex. When "she" said that 'she" would try, he asked if "she" would like to do anything else, to which lilmandygrl_dc replied, "whatever, I just don't want to get pregnant". As the conversation went on, the defendant engaged in further sexually explicit chat with lilmandygrl_dc. Detective Palchak also sent the defendant a picture of a young girl, purporting to be "lilmandygrl_dc" which was ultimately found on defendant's computer when it was seized. On the third and final chat, the defendant made arrangements to meet "lilmandygrl_dc" at the Brookland Metro stop in Northeast, Washington, DC in order to go to her home to have sex with her. The defendant told "lilmandygrl_dc" that he would meet her at the Metro stop between 6:20 and 6:30 p.m. and that he would be wearing khaki pants, a blue shirt, tan shoes and a black jacket.

The defendant arrived at the Brookland Metro stop at approximately 6:05 p.m., dressed in the clothing he had described. He was greeted by Detectives Jonathan Andrews and Miguel Miranda who stopped him, confirmed who he was and then placed him under arrest. The defendant subsequently waived his <u>Miranda</u> rights and provided Detective Palchak with a videotaped statement in which he admitted to traveling from Arlington, Virginia to Washington, DC via Metrorail for

purpose of engaging in illicit sexual activity with "lilmandygrl_dc" whom he believed to be a 14 year old girl.

In a search of his apartment subsequent to his arrest, the computer which he used to initiate the chat was confiscated. The computer contained the photograph which the detective sent to the defendant, purporting to be a 14 year-old girl. In addition, a single piece of child pornography was found on the defendant's computer which pictured a prepubescent girl who appeared to be between the ages of 5 and 8 years old, with her legs spread wide open to reveal both her vagina and an obviously irritated anus, consistent with some type of penetration.[1]

## GUIDELINE RANGE

Undersigned counsel agrees with the United States Sentencing Guidelines ("U.S.S.G. or Guidelines") calculations prepared by the presentence report writer – that is that the base Offense level is 24, that there should be a 2 point increase because the defendant used a computer to commit the crime and that there should be a 3 point decrease for acceptance of responsibility[2] bringing the total offense level to 23, with a U.S.S.G. range of 46 to 57 months. Furthermore, pursuant to the

---

[1] The government did not charge the defendant with the possession of child pornography because there was only one image found on his computer. However, the government would like the Court to consider this in fashioning an appropriate sentence for the defendant and will have the detectives bring a copy of this image to the sentencing in the event the Court would like to view it.

[2] The United States respectfully moves the Court pursuant to § 3E1.1(b) of the Guidelines, to adjust the defendant's offense level down one level, reflecting the defendants' early plea of guilty in this matter. As grounds for this request, the government cites the defendant's early determination to enter a plea of guilty in this matter. As a consequence, the resources of this Court, the United States Attorney's Office and the Metropolitan Police Department ("MPD") were conserved. The United States and MPD did not have to expend time, energy and resources in preparing for the trial in this matter and Court time was preserved as well.

government's plea offer, the government agrees that a downward departure of up to six months may be warranted based upon defendant's status as a removable alien, pursuant to <u>United States v. Smith</u>, 27 F. 3d 649 (D.C. 1994) and U.S.S.G. § 5K2.0(2)(B), thus bringing the Guideline Range to 40 to 51 months.

### THE COURT SHOULD IMPOSE A SENTENCE WITHIN THE GUIDELINE RANGE

The Court should impose a prison term of between 40 to 51 months. Undersigned counsel agrees that defendant accepted responsibility in this case at the earliest possible time. However, the defendant's acts were predatory and dangerous. Defendant, in his conversation with the "girl", after learning that she was only 14 years old, asked her to engage in both oral and vaginal sex with him. He thereafter engaged in further sexually explicit conversations on not one, but three different occasions. When the "girl" agreed to meet the defendant, he boarded Metrorail in Arlington, VA and traveled to the District of Columbia for the purpose of having sex with a 14 year old girl. If "she" had turned out to be a real child instead of an MPD Detective, 26 year-old Adam Long, would have had the opportunity to abuse that child in unthinkable ways.

The government's plea offer to the defendant, as memorialized in the plea letter, was both measured and reasonable, taking into consideration the U.S.S.G., as well as the sentencing factors of 18 U.S.C. § 3553. In doing so, we made several concessions, including our motion for acceptance of responsibility, agreeing to the <u>Smith</u> Departure, allowing the defendant to plead guilty to a violation of 18 U.S.C. § 2423(b), instead of 18 U.S.C. § 2423 (a), which carries a 10-year mandatory-minimum sentence, and finally agreeing not to oppose a sentence at the low end of the Guidelines. All of this reflects our careful consideration of 1) the nature and circumstances of the

offense and the history and characteristics of the defendant; 2) the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need to afford adequate deterrence to criminal conduct; 4) the need to protect the public from further crimes of the defendant; 4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter, as well as the other 3553 factors.

In response to arguments made by the defense in their sentencing memoranda, first, the fact that the defendant may or may not be "operating mentally and socially on a level of 14 or 15 years"[3], does not negate that fact that he was in fact 26 years old at the time of the offense and he knew he was 26 years old. Yet the defendant made arrangements to have sex with a 14 year old girl which he admitted to the MPD detectives that he knew was wrong and which he knew was criminal. In fact, during the 3 chats with lilmandygrl_dc, the defendant asked the "girl" whether "she" was a police officer on two occasions. Indeed on one of those occasions he told "her" that he heard that "cops were doing stings and all like this on the net." Both times the "girl" responded that she was not a police officer. Certainly the fact that the defendant was lonely and immature, if true, does not excuse his perverted words or actions.

Defendant also speculates that he "would not have preyed on an underage girl". (Defendant's Memorandum in Aid of Sentencing @ p. 7.) He further speculates that "when push came to shove, [the defendant] would have simply used the occasion to have someone to talk to." His words in the chat belie this bald assertion. There is absolutely no support in the record, no statement from any witness and no professional opinion which supports defendant's theory. To the contrary, defendant

---

[3] See, defendant's Memorandum in Aid of Sentencing @ p. 6.

engaged in an online conversation with a person he believed to be a 14 year old girl, with whom he flagrantly discussed having both oral and vaginal sex and with whom he believed to be a virgin. Moreover, if there is any doubt about the meaning of his words or actions, as noted above, defendant had on his computer, child pornography depicting a prepubescent child in a sexually-explicit pose.

Defendant's attempts to explain or minimize his actions come dangerously close to an attempt to negate his acceptance of responsibility and to breaching his plea agreement. The defendant committed the offense charged, he pled guilty to that offense and he should be punished for his actions. As acknowledged by defendant in the plea agreement signed by him and his attorney, "a prison sentence within the range established by the applicable Sentencing Guidelines .... would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a)." (Plea Agreement at p. 3, ¶ 7). Accordingly, the Court should sentence the defendant within the calculated Guideline range.

For the foregoing reasons, the Government respectfully requests this Court to impose a sentence within the Guideline range.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. Bar Number: 498610

By: _____
       DEBRA L. LONG-DOYLE
       D.C. Bar No. 362518
       Federal Major Crimes Section
       555 4th Street, N.W., 4th Floor
       Washington, D.C. 20530
       (202) 305-0634
       Debra.Long-Doyle@USDOJ.Gov